# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-382V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KAREN G. SCHMIDT, | \* | Filed: February 13, 2015 |
| Petitioner, | \* | |
| v. | \* | Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | Decision on the Record; Insufficient Proof of Causation; Denial of Entitlement; Influenza ("flu") Vaccine; Guillain-Barré Syndrome ("GBS") |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Diana Sedar</u>, Maglio Christopher & Toale, Sarasota, FL, for Petitioner

<u>Justine Walters</u>, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 7, 2013, Karen Schmidt filed a petition in the National Vaccine Injury Compensation Program[2] alleging that she developed Guillain-Barré Syndrome ("GBS") in

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." (Vaccine Rule 18(b)). Otherwise, the whole decision will be available to the public. (Id.)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

January of 2011 after receiving the influenza ("flu") vaccine on October 7, 2010. *See* Petitioner's Motion for Decision on the Record at 1-2 (ECF No. 28).

After gathering and then filing the relevant medical records, Petitioner filed a Statement of Completion on March 4, 2014. (ECF No. 23). Subsequently, Respondent filed her Rule 4(c) Report on May 5, 2014. (ECF No. 24). In it, she asserted that an award of compensation was not appropriate in this matter, because (a) Petitioner did not offer a reputable medical or scientific theory to causally connect her flu vaccination to the onset of her GBS, and (b) Petitioner had not shown that the twelve-week time gap between her receipt of the flu vaccine and onset of Petitioner's GBS symptoms was a medically accepted temporal relation. ECF No. 24 at 8-9.

After the filing of the Rule 4 Report, the parties participated in a status conference on May 15, 2014, at which time a deadline of August 13, 2014 was set for the filing of Petitioner's expert report. (ECF No. 25). Petitioner subsequently requested an extension of that deadline to November 12, 2014 (ECF No. 26) which I permitted. On November 12, 2014, Petitioner filed another motion for extension of time to file the expert report to January 12, 2015, which I also permitted. (ECF No. 27) Instead of filing an expert report, however, Ms. Schmidt filed a motion on January 12, 2015 (ECF No. 28) seeking a decision on the record under Vaccine Rule 8(d). Respondent filed a pleading in response (ECF No. 29). Petitioner did not file a reply, and the matter is now ripe for resolution.

To receive compensation under the Program, Ms. Schmidt must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that Ms. Schmidt suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence supporting the conclusion that Petitioner's alleged injuries were vaccine-caused. Petitioner has in particular failed to offer expert or other scientific or medical testimony that the flu vaccine caused Petitioner's GBS as opposed to her viral gastrointestinal illness approximately two weeks prior to onset of her symptoms. There is no evidence in the filed record of any of Petitioner's treating physicians linking her GBS to her receipt of the flu vaccination. And the record evidence does not support the conclusion that the onset of Petitioner's GBS symptoms, approximately three months after she received the flu vaccine, occurred in a medically-acceptable timeframe after she received the flu vaccine.

Under the Vaccine Act, a petitioner is not entitled to a Program award based solely on his claims alone. Rather, her petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for


Ms. Schmidt to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master